UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAYLAN COLSTON,

Plaintiff,                                        Case No.:

v.

COMPASS GROUP USA, INC.
d/b/a MORRISON
HEALTHCARE,
A Foreign Profit Corporation

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JAYLAN COLSTON (hereinafter referred as "COLSTON" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant COMPASS GROUP USA, INC. d/b/a MORRISON HEALTHCARE (hereinafter referred as "COMPASS GROUP" or "Defendant"), pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and in support of states as follows:

## NATURE OF CASE

The ADAAA provides, in pertinent part, as follows:

(a) General Rule. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the

hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction. A used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –

(5) (A) not making reasonable accommodations to the known physical or mental of an otherwise qualified individuals with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; . . .

42 U.S.C. § 12112(a)-(b).

## PARTIES

1.    COLSTON was hired by Defendant in January 2022.

2.    Defendant provides environmental, facilities, food and nutritional services to healthcare facilities and hospitals.

3.    COLSTON was employed by Defendant in Palm Bay, Florida.

4.     At all times material, COLSTON was an "employee" of COMPASS GROUP as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

5.     At all times material, COMPASS GROUP was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

6.     The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

7.     This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

8.     COLSTON worked for Defendant in Brevard County, Florida.

9.     Defendant conducts business in Brevard County, Florida.

10.    Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

11.    On or about May 25, 2022, COLSTON timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American

with Disabilities Act (ADAAA).

12. The EEOC, on or about December 11, 2022, issued to COLSTON a Dismissal and Notice of Rights as to the Charge.

13. This action is being commenced within 90 days of COLSTON's receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

14. Plaintiff was hired in January 2022 as a Dietary Aid.

15. Plaintiff had no notable discipline in his record.

16. Plaintiff made Defendant aware of his Rhabdomyolysis condition.

17. Specifically, Plaintiff informed his supervisor, Lauren Fleetwood, of his disability.

18. He requested an accommodation to allow him to take extra breaks in relation to his condition.

19. Ms. Fleetwood agreed to the request for extra breaks.

20. Plaintiff began working within the granted accommodations.

21. After the accommodations were granted, Plaintiff's began to notice that his work was being overly scrutinized.

22. For example, Ms. Fleetwood would follow Plaintiff around while he was working in a manner she had not done previously and has not done with others.

23.     On March 24, 2022, Plaintiff went to take a short break pursuant to his medical accommodation.

24.     Plaintiff informed his other supervisor, "D," of the same.

25.     Upon returning from his break, Ms. Fleetwood began yelling at Plaintiff and later terminated his employment.

26.     Plaintiff was targeted due to his disability.

27.     Defendant simply chose not to continue to accommodate Plaintiff's medical restrictions.

28.     Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

29.     Defendant's actions, including terminating Plaintiff, were discriminatory.

30.     Defendant's actions, including terminating Plaintiff, were retaliatory.

## COUNT I
## DISABILITY DISCRIMINATION

31.     COLSTON realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-30, above.

32.     COLSTON's disability and restrictions were a motivating cause of COMPASS GROUP's discriminatory behavior towards COLSTON, and thus, constituted disability and/or perceived disability discrimination as proscribed by

the ADAAA.

33.     COMPASS GROUP's conduct, including but not limited to its refusal to make a reasonable accommodations and termination, discriminated against COLSTON with respect to the compensation, terms, conditions, or privileges of employment because of COLSTON's disability and/or perceived disability.

34.     As a natural, proximate, and foreseeable result of the actions of COMPASS GROUP, COLSTON has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

35.     The conduct of COMPASS GROUP's management was in such reckless disregard of COLSTON's federal statutory rights against disability discrimination as to entitled COLSTON to recover an award of punitive damages to punish COMPASS GROUP and to deter it and others from such conduct in the future.

36.     The disability discrimination COLSTON suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

37.     COLSTON is entitled to recover reasonable attorneys' fees and litigation expenses against COMPASS GROUP.

WHEREFORE Plaintiff respectfully requests that the Court enter a

judgment:

a.  Permanently enjoining Defendant COMPASS GROUP, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to COLSTON;

b.  Awarding judgment against COMPASS GROUP for the back pay and benefits to which COLSTON would have been entitled but for COMPASS GROUP's discriminatory acts;

c.  Awarding judgment against COMPASS GROUP for compensatory damages;

d.  Awarding judgment against COMPASS GROUP for punitive damages;

e.  Enjoining COMPASS GROUP to reinstate COLSTON to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.  Awarding COLSTON his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.  Awarding COLSTON equitable relief in the form of an additional set-off for any negative tax consequences incurred by COLSTON as the result of any damage award entered in his favor in this action; and

h.      Granting such other and further relief as the Court deems just.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADAAA

38.    COLSTON realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-30 above.

39.    COLSTON requested a reasonable accommodation for his disability. This constituted protected activity under the ADAAA.

40.    COLSTON was terminated instead of being afforded a reasonable accommodation for his disability.

41.    Upon information and belief, COMPASS GROUP's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for COLSTON, resulting termination of COLSTON's employment, was, in whole or in part, motivated by COLSTON's request for accommodation.

42.    As a natural, proximate and foreseeable result of COMPASS GROUP's actions, COLSTON has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

43.    The conduct of COMPASS GROUP's management was in such reckless disregard of COLSTON's federal statutory rights against retaliation as

to entitle COLSTON to recover an award of punitive damages to punish COMPASS GROUP and to deter it and others from such conduct in the future.

44.    The retaliation COLSTON suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

45.    COLSTON is entitled to recover reasonable attorneys' fees and litigation expenses against COMPASS GROUP.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.    Permanently enjoining Defendant COMPASS GROUP, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to COLSTON;

b.    Awarding judgment against COMPASS GROUP for the back pay and benefits to which COLSTON would have been entitled but for COMPASS GROUP's retaliatory acts;

c.    Awarding judgment against COMPASS GROUP for compensatory damages;

d.    Awarding judgment against COMPASS GROUP for punitive damages;

e.      Enjoining COMPASS GROUP to reinstate COLSTON to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

f.      Awarding COLSTON his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.      Awarding COLSTON equitable relief in the form of an additional set-off for any negative tax consequences incurred by COLSTON as the result of any damage award entered in his favor in this action; and

h.      Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __9th__ day of March, 2023.

> Respectfully submitted,
> **s/** Edward W. Wimp
> Edward W. Wimp, Esquire – LEAD COUNSEL
> FBN: 1015586
> Anthony Hall, Esquire
> FBN: 0040924
> THE LEACH FIRM, P.A.
> 631 S. Orlando Ave., Suite 300
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
> Email: ewimp@theleachfirm.com
> Email: ahall@theleachfirm.com